Case 1:25-cv-00015   Document 9   Filed on 03/18/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IGNACIO LARA, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-015 |
| | § | |
| 1 UNKNOWN US MARSHALL AND | § | |
| ARRIAGA, | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION TO DISMISS ALL CLAIMS

### I. Synopsis

Ignacio Lara, Jr. attempts to sue two employees of the federal courthouse in Brownsville, Texas; one unknown U.S. Marshall and a court security officer named as Arriaga. He claims they violated his First Amendment rights to record in public by throwing him out of the courthouse so that he could not have his claims addressed. That is all Lara says. He tries to sue using criminal statutes protecting a person's civil rights that are only for prosecution by the Department of Justice. He also tries to sue federal employees under a 1983 claim which is not allowable. Therefore, he fails to state a claim for any relief which can be granted. His lawsuit should be dismissed. Additionally, his claims are without merit and should be found as frivolously filed.

### II. Jurisdiction

This Court has federal question subject matter jurisdiction as Plaintiff Ignacio Lara, Jr. ("Lara") alleges violations of 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1983 by two defendants he refers to 1 Unknown US Marshal and Arriaga, a Court Security Officer ("Defendants"). *See* Dkt. No. 1; 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Pursuant to 28 U.S.C. §636(b)(1), this case was referred to the undersigned United States Magistrate Judge to conduct all pretrial proceedings. Dkt. No. 5.

Venue is proper in the Southern District of Texas, Brownsville Division because a substantial portion of alleged events giving rise to this lawsuit occurred in this geographical jurisdiction. *See* Dkt. No. 1. (alleging claims occurred at the Federal Courthouse in Brownsville, Texas); 28 U.S.C. §1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

### III.   Standard of Review

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a plaintiff fails to plead sufficient facts "to state a claim to relief that is plausible on its face." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). To determine whether to grant a dismissal pursuant to 12(b)(6), the court accepts as true "all well-pleaded facts" and view those facts "in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is appropriate. *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### IV.   Background

#### a.   Facts

On January 17, 2025, Plaintiff Ignacio Lara, Jr., filed his initial complaint. Dkt. No. 1. Lara makes claims against two defendants: 1 Unknown US Marshal and Arriaga, a Court Security Officer. Dkt. No. 1, p. 2. Generally, Lara describes his claim as a violation of his First Amendment right to record in public. Dkt. No. 1, pp. 4, 6. Lara alleges the Court can hear his case pursuant to "USCA 242, USCA 241, 42 1983". Dkt. No 1, pp. 3, 6. Lara petitions the Court to award him $10,000,000 dollars "in punitive damages

intended to set example to deter others from commiting [*sic*] similar acts." Dkt. No. 1, p. 4.

The entirety of Lara's complaint is "On 1-16-25 Arriaga knowingly and willing as a defendant phisicaly [*sic*] through me out of the Federal building [sic] on Harrison violating my 1st amendment Right to have my clams [*sic*] addressed by local Gov, 1st amendment right to Record in Publice [*sic*].  By saying the Fed Judge signed an order denying me entry to the clerks office + Restrooms." Dkt. No. 1, p. 4.

On January 29, 2025, Rolando Olvera, United States District Court Judge for the Brownsville Division of the Southern District of Texas issued a General Order requiring Lara drop proposed pleadings or any other legal documents for filing in the Secured File Drop Box at the entrance of the Courthouse and instructed that he "may not enter the District Clerk's Office." See *In re Ignacio Lara, Jr.*, No. 1:25-mc-012, 1 (S.D. Tex. Jan. 29, 2025) (Olvera, J.).

Although no defendants have appeared in this case because no summons have issued, the Court takes judicial notice of documents filed in other cases to establish the fact of such litigation and filings. *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); Fed. R. Evid. 201(b).   Related to Mr. Lara and the events of January 16, 2025, and the filing of this case is the following:

> "On January 14, 2025, Lara again tried to bring his phone in through a backpack. When asked to place all items in the security bins and go through the security detectors, Lara refused to comply. When informed that he would be denied entry if he did not comply, he became aggressive. He told Security 'Don't touch my f****ing bag' and stated he was suing everybody. Once again, he had to be escorted outside."

> "On January 16, 2025, following these incidents, Lara was instructed he would need to file his legal documents in the secured drop box and would not be permitted to enter the courthouse. Lara became disorderly, raised his voice, and began to act in a threatening manner before being escorted out of the building. Lara returned a few hours later to deliver some documents in

> the drop box, and while at the Courthouse, called Brownsville P.D., alleging that he had been harassed and requested a unit to come to the Courthouse. USMS [United States Marshals Service] spoke with Brownsville P.D. and filed a report for trespass. On January 17, 2025, Lara returned to deliver documents in the secured drop box and began stomping outside and yelling before leaving the premises."

*In re Ignacio Lara, Jr.*, No. 1:25-mc-012, 1 (S.D. Tex. Jan. 29, 2025).

### b. Procedure

Plaintiff Ignacio Lara, Jr., filed his initial complaint against Defendants on January 17, 2025. Dkt. No. 1. The case was referred to the undersigned Magistrate Judge five days later. The docket reflects service was not issued to any defendant.

Through the United States District Clerk for the Southern District of Texas, the Court sent Lara several documents which were all returned as unclaimed: (1) Notice to Pro Se Litigant of Case Opening, (2) Clerk's Notice re Consent to Jurisdiction of Magistrate Judge, and (3) Order Referring Case. Dkt. Nos. 7, 8.

The docket reflects no further progress of this case. Lara has not paid the requisite filing fees or an application to proceed without the prepayment of fees (in forma pauperis).

## V. Applicable Law

### a. Leniency for Unrepresented Plaintiffs

As an initial matter, the Court recognizes that Lara brings his claims without the benefit of formal legal counsel. Plaintiffs proceeding without a legal representative are considered pro se plaintiffs and receive the benefit of liberal construction of their claims. See *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). However, a party's pro se status does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### b. Court-initiated Dismissal & Frivolousness

Dismissal of a complaint prior to service of any defendants is authorized to "discourage the filing of, and waste of judicial and private resources, upon, baseless

lawsuits that paying litigants generally do not initiate because of the threats of sanction for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Thus, the Court may dismiss a case on its own motion; the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal. *Neitzke*, 490 U.S. 319. In reviewing a complaint for failure to state a claim, the Court may take judicial notice of public court records and information not in dispute. *See, e.g., Bauer v. Texas*, 341 F.3d 352, n. 8. (5th Cir. 2003) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n. 1, (1986)).

Federal courts possess inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). A Court may, on its own motion (*sua sponte*), dismiss an action if it fails to state a claim upon which relief may be granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *See also Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 642 (5th Cir. 2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate to the plaintiff's likelihood of success." *Lone State Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

A court may, on its own initiative, note the inadequacy of a complaint and dismiss for failure to state a claim "as long as the procedure employed is fair." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015); *see* generally § 1357 Motions to Dismiss— Practice Under Rule 12(b)(6), 5B Fed. Prac. & Proc. Civ. § 1357 (4th ed.). "[F]airness requires that a litigant have the opportunity to be heard[1] before a claim is dismissed, except where the claim is patently frivolous." *Century Sur. Co. v. Blevins*, 799 F.3d at 372. A claim is frivolous "if it lacks an arguable basis in fact or law." *Pratt v. Martinez*, No. 22-40274, 2023 WL 3818380, at *1 (5th Cir. June 5, 2023). A claim is frivolous where it is "so lacking in merit that it [is] groundless." *United States v. Mississippi*, 921 F.2d 604, 609

---

[1] The 14-day objection period immediately following the issuance of this Report and Recommendation, in accordance with 28 U.S.C. §636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), satisfies the notice and hearing requirement.

(5th Cir. 1991). Allegations that describe fanciful, fantastic, and delusional" occurrences or that "rise to the level of the irrational or the wholly incredible" are considered frivolous. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

## VI. Analysis

The Court's review of Lara's complaint finds he states no claim to relief. The Court further finds Lara's claims are frivolous and wholly without merit. The Court's liberal construction of Lara's claims does not alter the recommendation of dismissal of all claims, because there is no legal theory which supports relief and Lara has failed to plead sufficient facts to support any of his claims.

### a. 18 U.S.C. §§ 241 & 242 Claims

Lara alleges the Defendants violated his civil rights under 18 U.S.C. §§ 241 and 242. Dkt. No. 1, pp. 3, 6. 18 U.S.C. §241 is a federal criminal statute intended to protect individuals from conspiracy to limit free enjoyment of their Constitutional rights. It is unavailable to Lara as a private citizen as he has no authority to privately engage in the criminal prosecution of an individual. 18 U.S.C. § 242 makes it a crime for those acting under color of law to willfully deprive persons of their rights under the Constitution or laws of the United States. Neither statute creates a private cause of action for a violation. As a regular citizen, Lara lacks the standing to prosecute a crime under this statute. The Fifth Circuit has held that there is "no right to bring a private action under federal criminal statutes." *Pierre v. Guidry*, 75 Fed. Appx. 300 (5th Cir. 2003) (unpublished); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished) ("the statutes [sections 241 or 242] do not provide for a private right of action; and corrective process under them would lie entirely within the discretion of a governmental body, the United States Department of Justice") (internal citation omitted). So, to the extent the Lara intends to further a claim under Sections 241 and 242, he does not state a claim for relief. Accordingly, his claims pursuant to 18 U.S.C. §§ 241 and 242 should be dismissed for failure to state a claim. The Court further recommends these claims be dismissed for frivolousness as there is no arguable basis in law for Lara to bring an action under these sections as they are based on an indisputably meritless legal theory.

### b. First Amendment and §1983 Claims

In his complaint, Lara characterizes his claims as violations of his First Amendment rights to "have my clams [*sic*] addressed by local gov" and "to record in publice[*sic*]." Dkt. No. 1, p. 4. Lara's entire claim is one paragraph that does not state any cognizable claim to relief. Lara alleges the actions of the Defendants violate 42 U.S.C. §1983, the civil law equivalent of his §§ 241 and 242 claims.

Section 1983 allows an injured person to seek money damages if a state official violates his constitution rights; there is no statutory analog for actions against federal officials. *See Ziglar v. Abbasi*, 582 U.S. 120, 130–31, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017). The "federal analog to suits brought against state officials under" Section 1983 is a *Bivens* action. *Ashcroft*, 556 U.S. at 675–76. In *Bivens v. Six Unknown Fed. Narcotics Agents,* the Supreme Court recognized that an individual may seek recovery for constitutional violations committed by a person acting under color of federal law. *See Bivens*, 403 U.S. at 396–97 (1971). However, *Bivens* claims are limited to narrow and distinct factual scenarios and have been recognized by the Supreme Court in only three instances. *See Oliva v. Nivar,* 973 F.3d 438, 442 (5th Cir. 2020) ("Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." (internal citations omitted). "Virtually everything else is a 'new context'" for which an extension of *Bivens* is disfavored. *See Ziglar*, 582 U.S. at 148 (2017).

Here, Lara sues "1 Unknown US Marshal" and "Arriaga," a court security officer, for alleged violations of his first amendment rights for an incident at a federal building. Dkt. No. 1. Reading Lara's complaint in the light most favorable to him, he is suing two persons employed by the federal government who work at the federal building he visited. Given the current applicable *Bivens* case law, Lara's claims of throwing him out of the

federal building thereby denying him the right to have his claims addressed and recorded as well as denying him entry to the Clerk's office and restroom are not allowable claims against federal employees. The Court declines to extend *Bivens* to Lara's facts. None of the circumstances Lara describes show he is entitled to relief. To the extent that Lara alleges he was physically removed from the Brownsville Courthouse, the Court recognizes the extenuating circumstances of this case and security concerns given his previous threatening behavior. The Court is also without further facts which would sufficiently establish a claim for relief on this issue as "threadbare recitals of the elements of a cause of actions, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. As a result, the Lara has failed to state a claim to relief and his case should be dismissed. Given that all of Lara's identified claims under 42 U.S.C. § 1983 are either clearly meritless or without sufficient facts to support them, the Court recommends Lara's case be dismissed for frivolousness.

### VII. Recommendation

The Court recommends Lara's claims be dismissed for failure to state a claim and for frivolousness.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiff's procedural defaults, and the objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

If the District Judge chooses not to accept this recommendation, the Court recommends Plaintiff Lara be ordered to pay the requisite filing fees or file an application to proceed in forma pauperis.

Signed on March 18, 2025.

Karen Betancourt
United States Magistrate Judge